All right, we'll take the case under advisement and move on to our fourth case this morning. I'm sorry, fifth case this morning. United States v. Colin Coffin. I see Mr. Henderson and I see Mr. Funnell. Can you hear me? Yes, I can. All right, you may proceed, Mr. Henderson. Thank you, your honor. May it please the court. I'm Peter Henderson. I represent Colin Coffin. This case involves rule 43 and the interaction between that and the Coronavirus Aid Relief and Economic Security Act or the CARES Act. And on the merits, the court wasn't authorized to sentence Mr. Coffin over video. And this court should reverse on that basis because it is a per se reversible error. The district court was not authorized under the law to sentence Mr. Coffin. Well, the authorization is in the statute. What's the relationship between the statute and a rule? Well, so if the district court had complied with the statute, then I would agree with you that videoconferencing could be authorized. But the statutory criteria in section 15,002b2 is narrow. This was meant to be a sort of a triage to make sure that defendants didn't languish in jail unnecessarily. And so what the statutory language requires is that the district court provides specific reasons that the sentencing can't be further delayed without serious harm to the interests of justice. So it's not just a risk of serious harm to the interests of justice. It's not just would sentencing comport with the interests of justice. We need facts and circumstances in the record to show that unless sentencing happens here and now over video, there will be serious harm to the interests of justice. And the circumstances in this case simply don't provide those facts. Mr. Henderson, why haven't you waived that argument by your client's consent before the district court to proceeding with the sentencing via Zoom? Because I don't understand your briefing to be challenging that he knowingly and voluntarily consented. Correct. So Mr. Coffin waived a claim that the findings were insufficient, that if the court had made proper findings, then it would have been fine, but he didn't make proper findings. That's waived. But Mr. Coffin cannot waive the requirement in Rule 43 that sentencing proceed in person, and he cannot authorize the district court to do something it's not authorized to do. But putting aside Rule 43, why can't he waive a CARES Act? Why can't he waive or why hasn't he waived his right to challenge the court's factual findings for the basis for proceeding under the CARES Act? He has, but he's not challenging in this appeal those factual findings. It's an objective question as to whether, in this case, serious harm to the interest of justice would have resulted if there were to be a delay. And that's the only basis on which the district court can go forward via video under the CARES Act, is if those facts and circumstances are present. It's the difference, as the Supreme Court has described it, between something a court would be authorized to do if it followed the right procedure and something that the court just simply would never be authorized to do. And so our argument is not the findings were insufficient, but if proper findings had been made, then it would have been fine. So I want to make sure I understand your argument. One of the requirements to proceed with sentencing under the CARES Act, and the only one you're challenging, is the district court's finding that for specific reasons, the sentencing in the case can't be further delayed without serious harm to the interest of justice. You're saying that's not a factual finding of the court that you have waived? You're saying somehow that's an objective legal question? I think that, yes. I think the question of whether serious harm to the interest of justice would result is an objective question. I suppose there's a question of how the court reviews a determination under the CARES Act like that. But the government's offered no defense of the district court's finding, if we call it a finding, because there simply is no circumstance in this case that suggests that serious harm to the interest of justice would have resulted if sentencing had been delayed a month so that Mr. Coffman could quarantine. But if that's a factual... I'm sorry to interrupt, but I want to make sure I understand this. If that is a factual finding, because the CARES Act itself says that requirement is met if the district court in a particular case finds for specific reasons that the sentencing in that case cannot be further delayed without serious harm to the interest of justice. So the CARES Act itself says it's a factual determination by the district court. Why haven't you waived that factual determination by consenting to proceeding to the videotape sentencing or the video conference test sentencing in the first place? Well, you know, what the CARES Act supposes is that there are going to be cases where serious harm to the interest of justice would result from a delay and that there are cases where it wouldn't. And that's a factual determination made by the court and the court made that determination here. And so by consenting to proceeding and you're not challenging the voluntariness or knowingness of your client to waiving his right to appearing in person or agreeing to proceed under the CARES Act, I don't know how you haven't waived that. So let me put out a hypothetical. Let's imagine that there's a case where any reasonable jurist would agree no serious harm would result from a delay. So it does not qualify for this video sentencing under the CARES Act. In that case, if a defendant consents to have the district court go forward nonetheless over video, he would be agreeing to have the district court essentially exercise unauthorized authority. Would he if the district court still made a finding that it had to proceed and further delay would result in serious harm to the interest of justice? That finding has to be grounded in facts. A district court can't just say, I make the finding and so everything's forever waived. You know, I trust district judges to take this requirement seriously, but we still have. So normally, which Judge Griesbeck here certainly seemed to be doing, normally we would review a factual determination under a clearly erroneous standard, but not if a challenge to it is waived. Right. I think that, again, we're sort of going in circles. The problem is that without serious harm to the interest of justice, the district court was not authorized by law to conduct this sentencing. This has nothing to do with the district court's authority. The district court is authorized by the jurisdictional provisions of the U.S. Court to conduct a sentencing proceeding. This has to do with what procedural protections and obligations and rights go along with that proceeding. And that's governed by Rule 43. But the statute provides this interim stopgap procedure for conducting videoconferenced sentencing proceedings if these boxes are checked. And all the boxes were checked here and there was consent. And so I'm not clear about what the problem is. There isn't any question of the court's authority here. This is not a question of judicial power. It's a question of process and procedure. Yeah, I suppose the last shot I'll take at it. Imagine that the district court finds, okay, I'm just going to say serious harm would result to the interest of justice. And everybody agrees that that finding is wrong, that there's no serious harm to the interest of justice. If there is no serious harm to the interest of justice, the CARES Act does not apply to the sentencing. The video conferencing under the CARES Act is authorized only if serious harm to the interest of justice would result from a delay. And so if the CARES Act doesn't apply... And then if your client had not consented, we would review that factual finding by the district court under a clearly erroneous standard. And maybe it would be clearly erroneous. But here there's consent. And you have agreed that you are not challenging the district court's factual findings. And that was a factual finding. And under the CARES Act, it's supposed to be a factual finding by the district court. Right. Well, let me just sum up, if I may. The problem in this case, and I understand the point about consent, but if these judgments are unreviewable, we're essentially saying a district court's determination that serious harm to the interest of justice would result is never reviewable in a court of appeals. All a district judge needs to do is say the words and it will never be reviewable because they'll only go forward if the defendant consents. I think that would be rather... Well, a defendant could certainly object when the court makes that finding and say, well, wait a minute. No, that's not in the interest of justice. I no longer consent. He certainly could. But the problem here is that the defendant himself should not be the one in charge of making sure the district court adheres to the rules. At sentencing for in-person sentencing, the right belongs to the public as much as the defendant. We want to make sure we don't have assembly line justice simply because all the parties think this is the more convenient way to go. That's really my concern is if we say the defendant consents and it's unreviewable, who's to stop a defendant in the future from just saying, I just do it over video. The court of appeals won't reverse. Well, you won't have the CARES Act in the future when the pandemic is lifted. So this is a CARES Act issue, not a Rule 43 issue as I see it. And so long as... I think that that's right because Rule 43, I think categorically just does not permit this. You would have to base a decision on the CARES Act. Thank you. Thank you. Mr. Funnell. Good morning. May it please the court. This case should be decided based on waiver or invited error or alternatively, a plain error. The last two prongs of plain error. I would argue that we don't get to plain error at all and that the case is governed solely by waiver. To pick up on the last, the defendant not only consented, which is one of the four requirements under the CARES Act, after Judge Griesbach made the findings of serious harm to the interest of justice, he expressly asked the parties, do you object to my findings? And the parties both said, no objection, Your Honor. So it's not just the fact that Mr. Coffin gave his consent to proceeding by VTC. He also expressly waived his objection to the sufficiency of the findings. As you point out, Judge St. Eve, he could have objected, which is an awkward position in one sense, because he's consenting to the procedure. However, the sufficiency of the findings, as you point out, is a factual question and the serious harm to the interest of justice doesn't encompass just Mr. Coffin's interest. It can be a broader interest to the interest of justice. And so therefore, there is a reason that a defendant theoretically may still object to the sufficiency of those findings and still consent to VTC. That didn't happen here. We have an express waiver at the Verga. Alternatively to the express waiver, we have invited error because as he is maintaining on appeal now, he is saying that under no circumstances could the facts have met the serious harm to the interest of justice. Well, that's pretty much the definition of invited error. And again, the question here is not one of judicial authority. The argument on appeal confuses the sufficiency of the findings with the lack of judicial authority. The judicial authority was not lacking here based specifically on the CARES Act. The FAIA and Rule 43 simply do not expressly apply here. There is mention in Mr. Coffin's briefs on appeal, both his principle and his reply brief, that essentially what the CARES Act did here was modify Rule 43. I don't think that's a fair characterization of what the CARES Act did. Do you agree, Mr. Funnell, that this really is not a Rule 43 issue? I took your briefing as arguing that it was. And under the plain language of Rule 43, it says you can waive your right to be present at sentencing when you are voluntarily absent. But that doesn't seem to fit the situation here because the I didn't mean to make that suggestion in the brief. The first part of the brief talks about Rule 43, certainly. And what I'm trying to argue in the brief is that even under Rule 43, even if the CARES Act didn't exist under Rule 43, that there is room to distinguish the FAIA and Rule 43 in the context of sentencing. And then in the second part of my brief, I move on to the CARES Act and specifically say any doubt about whether Rule 43 applies here is erased by the CARES Act because our position is this wasn't a modification or grafting into the rule of a separate procedure. This is a superseding of that rule for the covered emergency period. There is clearly a sunset to this. And it seems that we don't even need to address the Rule 43 empathia issue because we have a statute here which allows for this alternative procedure under the circumstances as long as the, as Judge Sykes put it, the boxes are checked. Yes, that's correct. In the event that the court does get to a plain error analysis, and I don't think that it should, but in the event that it does, if I could just briefly explain why I didn't address the first two prongs of plain error in my brief and I focused on the third and the fourth. I think the third and the fourth give you a very strong and easy path to affirmance here. The first and second relate to the sufficiency of the findings, whether there was error and whether it was clear. And I certainly take responsibility to the extent that the record should have been better developed at that time. You can see from the exhibits that I supplemented the record with how this BTC sentencing came about. This was not intended to be a BTC sentencing until really the last couple days because of the arrests and what I could have done because I was trial counsel at the time. So I could have reached out to defense counsel ahead of time and said, okay, we've all agreed that this is going to be BTC. Let's discuss the findings. And then when we get to the court, after the judge makes his statements, then we could have provided some additional facts. If we thought the judge's findings were lacking in any regard, we could have drawn attention to, for example, the factual circumstances about Mr. Coffin's arrest, the statement that he gave to his agent, where he indicated he'd been out on two different forms of supervision, had been using drugs, had been dealing drugs. None of those things lent themselves to putting him back out on the streets. The result would have been if we delayed the federal sentencing, he would essentially be housed in a county jail indefinitely awaiting the federal sentencing. So there was room to develop even more of a factual record. And so that's why I think we should avoid the first two. And we're also talking about a novel standard and a standard that is not going to require evaluation after the covered emergency period. So rather than the court giving an opinion on the first two prongs, I think that just proceeding to the third and fourth is the way to go. But again, I don't think we should get there. I believe this is waiver. I don't know the answer to that question. Unless the court has any other questions, I'll rest on my breath. Mr. Fuddell, I have one more question, please. The district courts throughout the circuit are conducting sentencings via video conference because the CARES Act provides for it. Are any of the courts or any of the courts within your jurisdiction requiring written waivers from defendants in this context, or is everything being done to your knowledge just orally? I don't know the answer to that question, Your Honor. All right. Thank you very much, Mr. Fuddell. Mr. Henderson, I don't know if your time had expired. You can have an extra minute if you have some closing thoughts. Thank you, Your Honor. I guess there's an old riddle that's popularly ascribed to Abraham Lincoln, although I don't think it comes from him. But it's basically if you call a dog's tail a leg, how many legs does a dog have? And people say, well, it has five because you've called the tail a leg. No, the dog still has four legs. Just because you call something something doesn't make it so. And so that's the argument here. There were no serious harm to the interest of justice. The district court saying there were doesn't make it so. And without serious harm to the interest of justice, this video sentencing was unauthorized. So I thank you. All right. Thank you very much. Our thanks to both counsel. The case is taken under advice.